Williams, Judge,
delivered the opinion of the court: The plaintiff is a chief carpenter’s mate in the United States Naval Reserve. He has heretofore and is now re *449 ceiving a retainer pay based on 15 years’ enlisted service in the Navy. He claims he is entitled to receive a retainer pay based on 16 years’ actual enlisted service. He seeks to recover the difference in retainer pay based on 15 years and that based on 16 years, from June 1,1925. The suit is based on the act of August 29,1916, 39 Stat. 556, 589, the applicable provisions óf which read:
“ In addition to the enrollments in the Fleet Naval Reserve above provided, the Secretary of the Navy is authorized to transfer to the Fleet Naval Reserve at any time within his discretion any enlisted man of the naval service with twenty or more years’ naval service, and any enlisted man, at the expiration of a term of enlistment who may be then entitled to an honorable discharge, after sixteen years’ naval service: Provided, That such transfers shall only be made upon voluntary application and in the rating in which then serving, and the men so transferred shall be continued in the Fleet Naval Reserve until discharged by competent authority.
# sj: ‡ * ❖ # #
“ Members of the Fleet Naval Reserve who have, when transferred to the Fleet Naval Reserve, completed naval service of sixteen or twenty or more years shall be paid a retainer at the rate of one-third and one-half, respectively, of the base pay they were receiving at the close of their last naval service plus all permanent additions thereto.”
The sole question presented is: Did the plaintiff have 16 years’ enlisted service to his credit when he was transferred to the Fleet Naval Reserve? The answer to this question depends entirely on whether the transfer, within the meaning of the statute above quoted, was made on September 17, 1920, the actual date of the transfer, or on September 4,1920, the date on which the transfer order by its terms became retroactively effective. If the transfer was made on the former date the plaintiff had more than 16 years’ service to his credit, if on the latter date he had a service of only 15 years 11 months and 29 days, one day less than the required service of 16 years.
The plaintiff, on July 16, 1920, addressed a communication to the commanding officer of the U.S.S. San Francisco, on which he was then stationed, in which he requested that *450 his temporary appointment as carpenter, U.S. Navy, be Revoked about September 3, 1920, and that upon the expiration of his term of enlistment on September 5, 1920, he be "transferred to the Fleet Naval Reserve as chief carpenter’s mate. He pointed out that upon the expiration of his enlistment on September 5, 1920, he would have completed 16 years’ enlisted service and requested that since September 5, 1920, would fall on Sunday, the transfer be made effective September 4, 1920. It is clear the plaintiff in this communication was seeking to avail himself of the benefits of the act of August 29, 1916, supra, which provides that an enlisted man in the Navy may upon his voluntary application be transferred to the Fleet Naval Reserve, upon the expiration of a term of enlistment from which he is entitled to an honorable discharge, after 16 years’ service, at a retainer pay of one-third of the base pay he was receiving at the close of his last naval service, plus permanent additions thereto. The plaintiff did all that the law required him to do to bring himself within the provisions of the statute. The statute does not permit the transfer where less than 16 years of ■enlisted service is had. This being true, the presumption arises, and must prevail unless the contrary is shown, that the plaintiff had completed 16 years of enlisted service at "the time the Secretary of the Navy transferred him to the Fleet Naval Reserve. Otherwise his transfer was unauthorized and illegal. This presumption, in our opinion, is not ■overcome by the proof but is amply supported by it.
Although the plaintiff had, in due and regular form, requested his transfer, on the expiration of his enlistment and the completion of his 16 years’ enlisted service, as early as July 16, 1920, the enlistment expiring September 5, 1920, the authorization for the transfer was not issued by the Bureau of Navigation until September 11, 1920, and the transfer order was not issued by plaintiff’s commanding officer until September 17, 1920. This order reads:
“ 1. Pursuant to above reference you are this date transferred under date of 4 September 1920, to the U.S. Naval Reserve Force, Class 1-C, and will proceed this date to your home at P.O. Box 66, Westbury, Long Island, New York. =* * * ” ptalics ours.]
*451 The plaintiff’s temporary appointment as carpenter had previously been revoked, effective September 4, 1920, pursuant to his request on July 16, 1920, and he thereafter reverted to his former status as an enlisted man in the Navy. He remained aboard the U.S.S. San Frmcisoo and continued to perform the duties of an enlisted man in the Navy until the date of the transfer order of September 17, 1920. He had at that time 16 years and 12 days of actual enlisted service in the Navy. Whatever may be the technical legal effect of the action of the plaintiff’s commanding officer in retroactively dating his entrance to the Fleet Naval Reserve, such officer could not by that act take from the plaintiff 12 days of actual service as an enlisted man in the Navy and deprive him of the benefit of that service in determining his rights under the provisions of the act of August 29, 1916. The contention that the plaintiff’s status between September 4, 1920, the retroactively effective date of the transfer, and September 17, 1920, the actual date of the order of transfer, was that of a transferred member of the Fleet Naval Reserve on active duty is without merit. He was up to September 17, 1920, in active service as an enlisted man in the Navy under an enlistment expiring September 5,1920, from which he had not been discharged. His status in the Navy was no. different subsequent to September 4, 1920, than it had been prior to that date, until September 17,1920, when the transfer order was issued stating “you are this date transferred under date of 4 September 1920 to the U.S. Naval Reserve Force * *
We are clearly of the opinion that while technically the-effective date of the transfer was September 4, 1920, the transfer within the intent and meaning of the act of August 29, 1916, must be considered as having been made on September 17, 1920. To hold otherwise would result in a manifest injustice to the plaintiff, who upon the expiration of his. enlistment, September 5, 1920, and the completion of Iff years’ enlisted service in the Navy, was entitled under the law to be transferred to the Naval Reserve with a stipulated retainer pay. It would also result in a holding that the Secretary of the Navy had transferred plaintiff to the Reserve-in violation of the plain provisions of the act of August 29,. *452 1916. This injustice to the plaintiff, and reflection on the official action of the Secretary, is avoided by construing the transfer order of September 17, 1920, to mean, in the light of all its surrounding facts and circumstances, exactly what it says, “ you are this date transferred * * * ”, which construction accords with the actual facts. So while the plaintiff may have become retroactively and constructively a member of the Fleet Naval Reserve between September 4 and September 17, 1920, he was not in fact such, but during such time was an enlisted man in the Navy and was performing active service in that status.
The view expressed above is that of the Navy Department, as appears from a letter of the Chief of the Bureau of Navigation of December 8, 1930:
“ 1. The records of the Bureau show that the authorization for transferring the above-named man to the Fleet Naval Reserve was forwarded by the Bureau on 11 September 1920, to be effective upon the revocation of his temporary appointment as ‘ warrant officer.’ It was supposed by the Bureau that this appointment would be revoked at some date in the future which would have given Steiner sufficient service for top pay after transfer. However, the U.S.S. S'em Francisco transferred this man to the Fleet Naval Reserve on 16 September 1920 and dated the transfer as being made 4 September 1920 which was, technically speaking, the effective date authorized by the Bureau.
“ 2. The Bureau is of the opinion that this transfer should be considered as being made on the 16th of September. * * * ”
The plaintiff, upon the facts shown, is entitled to receive the retainer pay and the permanent additions thereto of a member of the Fleet Naval Reserve with an enlisted service of 16 years.
The plaintiff is entitled to recover from June 1, 1925. The claim being a continuing one, the entry of judgment will .await the coming in of a report from the General Accounting Office showing the amount due plaintiff, in accordance with the opinion, from June 1, 1925, to May 7, 1934.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.